UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALTIN BASHKIM SHUTI,

    Petitioner,                                     Hon. Janet T. Neff

v.                                                       Case No. 1:17-CV-738

REBECCA ADDUCI, et al.,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Shuti's <u>Petition for Writ of Habeas Corpus and Immediate Release from Custody</u>. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of petitions for writ of habeas corpus, the undersigned recommends that Shuti's petition be **denied**.

## BACKGROUND

The following allegations are contained in Shuti's petition. Petitioner was admitted to the United States, apparently from Albania, as a lawful permanent resident on October 15, 2003. On July 21, 2014, Petitioner was convicted of unarmed robbery and sentenced to 30 months to 15 years in prison.[1] On the basis of this conviction, United States Immigration and Customs Enforcement (ICE) initiated removal proceedings against Petitioner. *See* 8 U.S.C. §

---

[1] Petitioner was released from prison on January 24, 2017.

1

1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable"); *Shuti v. Lynch*, 828 F.3d 440, 442 (6th Cir. 2016) (under federal immigration law, the term "aggravated felony" is "defined expansively" and includes any "crime of violence" as defined in 18 U.S.C. § 16).

At a subsequent hearing, Petitioner conceded that he was subject to removal, but argued for "withholding of removal under the Immigration and Nationality Act (INA) and under the Convention Against Torture (CAT)." An Immigration Judge rejected Petitioner's request on the ground that Petitioner "was convicted of a particularly serious crime" and "would not be persecuted or tortured in Albania." Accordingly, Petitioner was ordered to be removed from the United States.

Petitioner appealed the matter to the Bureau of Immigration Appeals (BIA). While Petitioner's appeal was pending, the United States Supreme Court decided *Johnson v. United States*, 135 S.Ct. 2551 (2015). In *Johnson*, the Court invalidated a portion of the Armed Career Criminal Act of 1984 on the ground that its definition of "violent felony" was unconstitutionally vague. *Id.* at 2555-63. Petitioner unsuccessfully argued to the BIA that he was entitled to relief on the ground that the definition of "crime of violence," under 18 U.S.C. § 16 was unconstitutionally vague based upon the rationale articulated in *Johnson*. The Sixth Circuit, however, was persuaded by Petitioner's argument and vacated Petitioner's order of removal and remanded the matter to the BIA for further proceedings. *Shuti*, 828 F.3d at 441-51.

The United States subsequently filed a petition for writ of certiorari in the United States Supreme Court, requesting that the Court review the Sixth Circuit's decision vacating Petitioner's order of removal. The United States, however, requested that its petition be held

pending the Supreme Court's decision in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted, Lynch v. Dimaya*, 137 S.Ct. 31 (U.S., Sept. 29, 2016) (No. 15-1498).[2]  Oral argument in *Dimaya* occurred on January 17, 2017, and re-argument was conducted on October 2, 2017.[3]

Petitioner initiated the present action challenging his continued detention by United States Immigration and Customs Enforcement (ICE).  Petitioner asserts that his "prolonged detention is unreasonable" and violates his right to due process.  Petitioner requests that the Court enter an order releasing him from custody or, in the alternative, directing the Immigration Court to afford him a bond hearing.  Respondent opposes Petitioner's request for relief.

## **ANALYSIS**

Petitioner seeks relief under 28 U.S.C. § 2241, which provides that habeas corpus relief may extend to any person "in custody in violation of the Constitution or laws or treaties of the United States."  While the federal district courts lack jurisdiction to resolve certain immigration-related issues, *see*, *e.g.*, 8 U.S.C. § 1252, the federal district courts have jurisdiction to resolve petitions for writ of habeas corpus filed under § 2241 by aliens asserting "claims arising out of immigration detention."  *See Ly v. Hansen*, 351 F.3d 263, 266 (6th Cir. 2003) (citing *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)).

Pursuant to 8 U.S.C. § 1231, when an alien is "ordered removed," the Attorney General is required to remove the alien from the United States "within a period of 90 days (in this

---

[2] In *Dimaya*, the Court is presented with the same question presented by Petitioner's appeal to the Sixth Circuit, namely whether the definition of "crime of violence" under 18 U.S.C. § 16 is unconstitutionally vague.  *See Lynch v. Dimaya*, No. 15-1498, 2016 WL 6768940 (U.S., Nov. 14, 2016).

[3] *See Sessions v. Dimaya*, (No. 15-1498) *available at* https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/15-1498.html (last visited on December 28, 2017).

section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A).  The statute further provides that "[i]f the alien does not leave or is not removed within the removal period, the alien, pending removal, *shall* be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3) (emphasis added).  In certain circumstances, however, an alien "may be detained beyond the removal period." 8 U.S.C. § 1231(a)(6).  This particular provision applies to aliens falling into one of three categories: (1) an alien who is inadmissible under 8 U.S.C. § 1182; (2) an alien who is removable under 8 U.S.C. §§ 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4); or (3) an alien who "has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6).  As noted above, the United States asserts that Petitioner is removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Court was asked to declare 8 U.S.C. § 1231(a)(6) unconstitutional on the ground that it permitted indefinite detention of certain aliens in violation of due process.  The Zadvydas Court concluded that § 1231(a)(6) does not authorize indefinite detention, but instead permits detention for only that length of time reasonably necessary to effect removal, presumptively six months.  *Zadvydas*, 533 U.S. at 690-701.  At the conclusion of this six month period, continued detention is still permitted unless the alien can demonstrate "that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.  Petitioner argues that he is entitled to relief because his removal is not reasonably foreseeable.  Petitioner's request for relief fails for two reasons.

First, Petitioner has been in ICE custody for less than one year.  Whatever delay has occurred relative to Petitioner's removal is attributable to litigation of a legal issue the resolution of which may prove dispositive to Petitioner's efforts to prevent his removal from the

4

United States.  It appears certain that the United States Supreme Court will resolve this legal question in the very near future.  In the event that Petitioner's removal is thereafter delayed due to altogether different circumstances, he may seek appropriate relief.  At the present juncture, however, Petitioner has failed to demonstrate that that there is no significant likelihood that he will be removed from the United States in the reasonably foreseeable future.

Second, as noted above, the Sixth Circuit previously vacated Petitioner's order of removal and remanded the matter to the BIA for further proceedings.  Following remand, the Department of Homeland Security determined that Petitioner was subject to removal from the United States on additional grounds.  (ECF No. 8-1 at PageID.116-20).  There is no indication that Petitioner has challenged this subsequent determination.  Because Petitioner has not demonstrated that this subsequent basis for removal is unlawful, inappropriate, or otherwise subject to challenge, Petitioner cannot demonstrate that his removal from the United States will not occur in the reasonably foreseeable future.  Accordingly, the undersigned recommends that Shuti's petition be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Shuti's habeas corpus petition be denied, without prejudice to his ability to apply for future relief if circumstances change.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                Respectfully submitted,

Date: January 12, 2018                   /s/ Ellen S. Carmody
                ELLEN S. CARMODY
                United States Magistrate Judge