UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALTIN BASHKIM SHUTI,

    Petitioner,

v.

REBECCA ADDUCCI, et al.

    Respondents

_____/

Case No. 1:17-cv-738

HON. JANET T. NEFF

## OPINION AND ORDER

    Petitioner, an alien currently in detention, filed this habeas corpus petition under 28 U.S.C. § 2241 for release from custody. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition (ECF No. 9). The matter is presently before the Court on Petitioner's "Response" to the Report and Recommendation ("objection," ECF No. 10). Petitioner has since also filed a Request for Hearing (ECF No. 11), to which Respondents have filed a Response in opposition (ECF No. 12), and Petitioner has filed a Reply (ECF No. 13). In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made, and has fully considered the parties' submissions on the matter of a hearing. The Court issues this Opinion and Order denying Petitioner's objection to the Report and Recommendation and denying his request for a hearing. The Court will also issue a Judgment in this § 2241 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

I. Objection to the Report and Recommendation

Petitioner initiated this habeas petition challenging his continued detention by United States Immigration and Customs Enforcement (ICE), asserting that his "prolonged detention is unreasonable" and violates his right to due process (ECF No. 9 at PageID.123). He requests an order releasing him from custody, or in the alternative, affording him a bond hearing (*id.*).

Petitioner argued that he is entitled to relief because his removal is not "reasonably foreseeable" (ECF No. 9 at PageID.124; ECF No. 1 at PageID.9). *See Zadvydas v. Davis*, 533 U.S. 678 (2001). The Magistrate Judge determined that Petitioner's request for relief failed at this juncture, and recommended that his petition be denied, without prejudice to his ability to apply for future relief if circumstances change (ECF No. 9 at PageID.125).

In his objection, Petitioner argues that the Magistrate Judge incorrectly required Petitioner to prove that there is no significant likelihood that he will be removed from the United States in the reasonably foreseeable future. However, Petitioner is only required to prove that there is "good reason" to believe that his removal is not significantly likely in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.

The Court is not persuaded by Petitioner's argument. The Magistrate Judge properly evaluated the circumstances of Petitioner's case as presented to the Court, and determined that Petitioner failed to meet to the standard under *Zadvydas*, to entitle him to relief.

The Magistrate Judge determined that Petitioner's request for relief failed for two reasons. First, "[w]hatever delay has occurred relative to Petitioner's removal is attributable to litigation of a legal issue the resolution of which may prove dispositive to Petitioner's efforts to prevent his removal from the United States. It appears certain that the United States Supreme Court will resolve this legal question in the very near future." (ECF No. 9 at PageID.124-125). "In the event

that Petitioner's removal is thereafter delayed due to altogether different circumstances, he may seek appropriate relief. At the present juncture, however, Petitioner has failed to demonstrate that that there is no significant likelihood that he will be removed from the United States in the reasonably foreseeable future." (*Id*. at PageID.125).

Second, "the Sixth Circuit previously vacated Petitioner's order of removal and remanded the matter to the BIA for further proceedings. Following remand, the Department of Homeland Security determined that Petitioner was subject to removal from the United States on additional grounds. (ECF No. 8-1 at PageID.116-20). There is no indication that Petitioner has challenged this subsequent determination. Because Petitioner has not demonstrated that this subsequent basis for removal is unlawful, inappropriate, or otherwise subject to challenge, Petitioner cannot demonstrate that his removal from the United States will not occur in the reasonably foreseeable future." (ECF No. 9 at PageID.125).

Thus, in both instances, the Magistrate Judge concluded that Petitioner cannot demonstrate that his removal from the United States will not occur "in the reasonably foreseeable future," which is in keeping with the standards announced in *Zadvydas*, 533 U.S. at 701 (an alien must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"; "an alien may be held in confinement unil it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future"). In fact, the Supreme Court issued its decision on the legal question on April 17, 2018 in *Sessions v. Dimaya*, ___ U.S. ___; 138 S. Ct. 1204 (2018), and Petitioner's case presumably will proceed accordingly based on the remand to the Board of Immigration Appeals.

Petitioner has failed to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusions. His objection to the Report and Recommendation is denied.

## II. Request for Hearing

Petitioner requests a hearing on his petition for writ of habeas corpus and immediate release from custody (ECF No. 11). Petitioner argues that Respondents have no legal basis for his continued detention. First, given the Supreme Court's decision in *Dimaya*, 138 S. Ct. 1204, holding that the statute under which Petitioner was charged based on a crime of violence, 18 U.S.C. § 16(b), is unconstitutionally vague, Petitioner is not removable on this original ground. Further, Respondents added additional charges of removability only after the Sixth Circuit Court of Appeals found Petitioner was not removable for committing a crime of violence. These new charges are thus barred under the doctrine of res judicata.

The Court finds no basis for conducting a hearing in this matter for the reasons set forth by Respondents. First, it does not appear that this Court has jurisdiction to hear the issues presented in the first instance since Petitioner has not challenged the additional basis for his removal before the immigration judge and the Board of Immigration Appeals. Moreover, Petitioner's contention that res judicata bars the additional charges is also not properly before this Court because Petitioner failed to exhaust his administrative remedies; he did not request a hearing before the immigration judge on the additional charges nor did he raise res judicata administratively. Finally, even if the new charges were properly before this Court, res judicata does not bar these charges because the government brought them during the pendency of his immigration proceedings, which remain ongoing. Petitioner's request for a hearing is denied.

## III. Conclusion

Having determined Petitioner's objection to the Report and Recommendation lacks merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the

district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claim for habeas relief debatable or wrong. A certificate of appealability will therefore be denied.

To the extent this Court has found relief precluded on procedural grounds, e.g., for a failure to exhaust his administrative remedies as to the new charges, the Court likewise denies a certificate of appealability. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural rulings debatable as to each issue asserted.

Accordingly:

**IT IS HEREBY ORDERED** that the objection ("Response") (ECF No. 10) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 9) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED without prejudice to Petitioner's ability to apply for future relief if circumstances change, for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that the Request for Hearing (ECF No. 11) is DENIED.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated: August 29, 2018 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge